UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GLORIA J. BANKS, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | 2:06-CV-4707-LSC |
| ] | |
| MICHAEL J. ASTRUE, ] | |
| Commissioner, ] | |
| Social Security Administration, ] | |
| ] | |
| Defendant. ] | |

MEMORANDUM OF OPINION

I.  Introduction.

Gloria J. Banks ("Plaintiff") appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").  Ms. Banks timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Banks was fifty-seven years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a degree in Office

Administration from Lawson State Community College.  (Tr. at 224.)  Her past work experience includes employment as a nurse and a telephone surveyor.  *Id.* at 18.  Ms. Banks claims that she became disabled on March 1, 2003, due to diabetes and depression.  *Id.* at 16-17.

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity."  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If he or she is, the claimant is not disabled and the evaluation stops.  *Id.*  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled.  *Id.*  The decision depends on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise,

the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id.*  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can do other work, the claimant is not disabled.  *Id.*

Applying the sequential evaluation process, the ALJ found that Ms. Banks meets the nondisability requirements for a period of disability and DIB and was insured through June 30, 2004. (Tr. at 16.) She further determined that Ms. Banks has not engaged in substantial gainful activity since the alleged onset of her disability. *Id*. According to the ALJ, Plaintiff's diabetes, depression, hypertension, arthritis, and obesity are impairments which are considered "severe" based on the requirements set forth in the regulations. *Id*. However, she also concluded that these impairments neither met nor medically equaled any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. *Id*. at 17. The ALJ did not find Plaintiff's allegations to be totally credible, and she determined that Ms. Banks has the residual functional capacity to:

> lift and carry up to ten pounds, stand and walk up to two hours per eight-hour day, but no more than one hour at a time, and sit without limitation. The claimant requires jobs that do not involve crawling or kneeling.

*Id*.

According to the ALJ, Ms. Banks is capable of performing her past relevant work as a telephone surveyor, which does not require the

performance of work-related activities precluded by her RFC. *Id.* at 18. Furthermore, a Vocational Expert ("VE") testified that an individual of Plaintiff's age, education, vocational factors, and RFC could also perform jobs in the office manager, data processing, reception, clerical, and secretarial fields (consisting of approximately 4,000 jobs in Alabama), unskilled bench work (consisting of approximately 2,000 jobs in Alabama), and sorting/handling and security jobs (consisting of approximately 1,000 to 2,000 jobs in Alabama). *Id.* at 19. The ALJ concluded her findings by stating that Plaintiff "has not been under a 'disability,' as defined in the Social Security Act, from March 1, 2003 through the date of this decision." *Id.*

II.     Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but

applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400.  No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Ms. Banks alleges that the ALJ's decision should be reversed and remanded for two reasons. First, Plaintiff believes that the ALJ did not give substantial weight to the opinion of Plaintiff's treating physician, Dr. Walter Mauney. (Doc. 9 at 6.) Second, Plaintiff contends that the ALJ did not properly evaluate the effect of Plaintiff's obesity on her ability to perform work related activities on a sustained basis. *Id.*

   A.   Treating Physician's Opinion.

Plaintiff contends that the ALJ improperly evaluated her treating physician's opinion. *Id.* A treating physician's testimony is entitled to "substantial or considerable weight unless 'good cause' is shown to the contrary." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotations omitted). The weight to be afforded a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with the

record as a whole, and the specialty of the medical source. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Furthermore, "good cause" exists for an ALJ to not give a treating physician's opinion substantial weight when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1440); *see also Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (holding that "good cause" existed where the opinion was contradicted by other notations in the physician's own record).

The Court must also be aware of the fact that opinions such as whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d). The Court is interested in the doctors' evaluations of the claimant's "condition and the medical consequences thereof, not

their opinions of the legal consequences of his [or her] condition." *Lewis*, 125 F.3d at 1440.  Such statements by a physician are relevant to the ALJ's findings, but they are not determinative, as it is the ALJ who bears the responsibility for assessing a claimant's residual functional capacity.  *See, e.g.,* 20 C.F.R. § 404.1546(c).

In evaluating Plaintiff's RFC, the ALJ considered not only Plaintiff's testimony, but also the medical evidence from Plaintiff's examining and treating physicians, including the opinion of treating physician, Dr. Walter Mauney.  (Tr. 17-19).  Plaintiff argues, however, that the ALJ did not properly consider Dr. Mauney's opinion.  (Doc. 9 at 6.)

The medical evidence reviewed by the ALJ demonstrates that Plaintiff received diabetes and vision treatment at Cooper Green Hospital from March 16, 2003, through December 9, 2004.  *Id.* at 158-69, 210-15.  During one of these visits on October 13, 2003, Plaintiff admitted to running out of her medications before seeking treatment at the emergency room.  *Id.* at 163.  Plaintiff also refused further treatment at this visit.  *Id.*

Additionally, Plaintiff received treatment from the physicians at Community Care Plan from March 21, 2003, through June 22, 2004.  *Id.* at

170-83. These treatment notes repeatedly stated that Plaintiff's diabetes was under fair control, that Plaintiff continued to receive medication for her hypertension, and the office monitored Plaintiff's depression and renal insufficiency. *Id.* at 18, 170-73. On June 22, 2004, Dr. Mauney completed a medical information form regarding Plaintiff's work requirements in connection with her application for food stamps. *Id.* at 182. Dr. Mauney stated that it was his opinion that Plaintiff was physically unable to work due to depression, arthritis with chronic knee pain, and diabetes. *Id.*

On September 28, 2004, Dr. Bruce Romeo performed a consultative physical examination of Plaintiff. *Id.* at 184-90. At the time of the exam, Plaintiff complained of blurred vision, frequent urination, and fluctuating blood sugar levels. *Id.* During the exam, Dr. Romeo noted that Plaintiff weighed 239 pounds with a Body Mass Index (BMI) of 42.43. *Id.* at 185. Dr. Romeo also noted moderate tenderness in Plaintiff's knees, with no joint deformity, or spasms in her neck or back. *Id.* at 186-87. Plaintiff demonstrated a normal gait and could stoop, crouch, kneel, and walk on her heels and toes. *Id.* at 187. X-rays of Plaintiff's right knee returned a conclusion of mild degenerative joint disease. *Id.* at 191. Dr. Romeo then

diagnosed Plaintiff with mild degenerative joint disease in both knees, associated with anserine bursitis, morbid obesity, and diabetes. *Id.* at 188. Dr. Romeo also assessed Plaintiff's range of motion as normal in her back, shoulder, and upper extremities. *Id.* at 189-90. In her lower extremities, Dr. Romeo found Plaintiff with normal range of motion, except for a reduced hip and knee flexion. *Id.* at 190. Dr. Romeo then completed a medical source opinion statement, wherein he found that Plaintiff could stand for one hour in an eight hour day, walk for one hour in an eight hour day, and sit without limits. *Id.* at 193. He then found that Plaintiff could lift and carry 10 pounds frequently and up to 30 pounds occasionally. *Id.* at 193. Dr. Romeo also found that Plaintiff could occasionally climb and never kneel, crouch, or crawl. *Id.* at 194.

Finally, from March 8, 2005, through February 15, 2006, Dr. F. Sellers also treated Plaintiff's diabetes. *Id.* at 217-19. Treatment notes from these visits demonstrate that Plaintiff maintained a blood sugar level of 80-150 with no episodes of hypoglycemia. *Id.*

At Plaintiff's hearing before the ALJ, she testified that she has diabetes, which frequently causes extreme fluctuation in her blood sugar

levels. (Tr. 226-27.) She alleged that this condition causes her vision to blur to the point that she is unable to read. *Id.* Due to her blurred vision, Plaintiff stated that she was forced to quit her job as a telephone surveyor because she was unable to read the telephone scripts. *Id.* She also specifically claimed that her diabetes is "poorly controlled," causing tingling and numbness in both her hands and feet. *Id.* at 226. Plaintiff reported that her feet and joints swell and that she takes medication for arthritis and depression. *Id.* at 226-29. Finally, Plaintiff claimed that she could lift no more than ten pounds, stand for only five to ten minutes at a time, and sit without elevating her legs for only about an hour. *Id.*

Plaintiff argues that the ALJ should have given substantial weight to Dr. Mauney's responses on the medical information form, instead of relying on Dr. Romeo's medical opinion and resulting limitations. (Doc. 9 at 6.) However, the record reveals that the ALJ specifically addressed Dr. Mauney's statement and provided sufficient reasons for finding that his opinion was unsupported by the evidence on the record. In reaching this conclusion, the ALJ noted that Plaintiff's most recent medical records demonstrated that she tolerated her medications for diabetes, maintaining

a blood sugar range of 80-150. (Tr. at 18, 217-19.) Furthermore, the ALJ explained that neither Plaintiff's Community Care Plan treatment notes, nor Dr. Mauney's evaluation, indicate that Plaintiff was experiencing pain at a disabling level. *Id.* at 18. The ALJ also stated that none of the records indicate "anything else that would prevent the performance of a sedentary range of work on a sustained basis." *Id.* Finally, the ALJ noted that Plaintiff's daily activities do not support the level of disabling pain that Plaintiff alleges. *Id.* Plaintiff testified that she shops (although sometimes with help), washes dishes, vacuums, cleans the stove and refrigerator, mops, sweeps, reads, watches television, attends church activities, and sometimes walks around the neighborhood. *Id.* The ALJ stated that these activities indicate an ability to perform at least sedentary work. *Id.*

For the reasons discussed above, the Court is of the opinion that the ALJ had good cause to disregard Dr. Mauney's June 2004 assessment of Plaintiff's RFC and she sufficiently stated her reasons for giving significant weight to Dr. Romeo's medical opinion and resulting limitations. *See Crawford*, 363 F.3d at 1159-60; *Phillips*, 357 F.3d at 1240-41.

    B.    Obesity Evaluation.

Plaintiff also contends that the ALJ did not properly assess the vocational impact of Plaintiff's obesity on her ability to perform work related activities. (Doc. 9 at 6.)

Social Security regulations require the ALJ to consider the combined effects of all impairments in evaluating disability:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined effect of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

20 C.F.R. § 404.1523; *see also Swindel v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990).

When there is a combination of impairments, the claimant may be found disabled even though none of the individual impairments, including pain, is disabling. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987). A medical condition that is controllable by medication is generally not

considered disabling.  *See Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988); *Fraga v. Bowen*, 810 F.2d 1296, 1305 (5th Cir. 1987) (citing *James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986) (when the record indicates that hypertension can be controlled with medication, the condition is not disabling).

In this case, after evaluating the entire record, including Plaintiff's testimony, the ALJ determined that Plaintiff's obesity was an impairment which is considered "severe" according to the regulations.  (Tr. at 16.)  It is also apparent that the ALJ considered the impact of Plaintiff's obesity in discussing the exertional component of her RFC.  *Id*. at 16, 18.  In her findings, the ALJ relied on Dr. Romeo's assessment that Plaintiff is morbidly obese, which limits her ability to stand and walk.  *Id*.  The ALJ explicitly discussed that this limitation would not prevent Plaintiff from performing a sedentary range of light work on a sustained basis.  *Id*.  In addition, Plaintiff has failed to demonstrate to this Court how she claims that the ALJ's consideration of her obesity was inadequate or how it would prevent her from performing a range of sedentary work, including her past relevant work

as a telephone surveyor. *See* Doc. 9 at 6.

After careful review of the record, it is clear that the ALJ properly considered Plaintiff's obesity in combination with her other "severe" impairments in assessing Plaintiff's functional capacity and this determination is supported by substantial evidence.

IV. Conclusion.

Upon review of the administrative record, and considering all of Plaintiff's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 26th day of March 2008.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

153671